**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JAMAR SHANTE PAXTON,**

     Plaintiff,

v.                                        Civil Action No. **3:23CV570 (RCY)**

**GLENN YOUNGKIN,** *et al.***,**

     Defendants.

**MEMORANDUM OPINION**

     Jamar Shante Paxton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.     PRELIMINARY REVIEW

     Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."  *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

---

[1] The statute provides, in pertinent part:

     Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

   "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

   The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  For a claim or complaint

2

to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.  *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Paxton alleges as follows:[2]

> 1) My claim is that Glenn Youngkin, the Governor of Virginia, has violated my 8th Amendment right to protection from cruel and unusual punishment.  As the current governor of Virginia, all imposed laws, statutes, and policies, are reflective of his policies.  Therefore, he is responsible for their effects.
>
> Under Governor Glenn Youngkin's leadership, a law, Code of Virginia 9.1–902, requires me to register as a "sex offender," even though I wasn't convicted of any crime sexual in nature.  This law is defamation of character and violates my Eighth Amendment rights.
>
> Back in 2001, I was convicted of an offense involving a minor.  The offense wasn't sexual in nature neither have I ever been charged with or convicted of a "sex" crime.  I was convicted as a principle in the second degree, under the concert of action doctrine, for the accidental killing of a minor by my codefendant.[3]

---

[2] The Court utilizes the pagination assigned to Paxton's Complaint by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spacing in quotations from Paxton's Complaint.

[3] Paxton was convicted of first-degree murder, use of a firearm during the commission of a murder, maiming, attempted robbery, shooting into an occupied dwelling, use of a firearm during the commission of a malicious wounding, and use of a firearm in the commission of an attempted robbery.  *Paxton v. Commonwealth*, No. 3063–01–2, 2002 WL 31898257, at *1 (Va. Ct. App. Dec. 31, 2002).  Paxton and his codefendants murdered a 23-month old child and maliciously wounded an adult male holding the child during a robbery.  *Id.* at *1–2.

Code of Virginia 9.1–902[4] requires anyone convicted of an offense involving a minor to register as a "sex offender," which means my name and face will be posted on the Virginia State Police "sex offender" registry, along with others, who actually have sexual impulse control problems, and have "intentionally" victimized people in a sexual and predatory way.[5]  The intent behind this registry is to warn the public of "sexual" predators.  There is no logical reason for me to be categorized with these types of individuals.  With this registry comes humiliation to myself and my family.  Being labeled a "sex offender" is to be classified an undesirable in society.  Being labeled as a "sex offender" without having been convicted of a 'sex' crime is defamation to my character and cruel and unusual punishment.  To be registered with others that have been convicted of a crime against a minor would be more appropriate.

2) My claim is that Colonel/Superintendent Gary T. Settle has violated my 8th Amendment right to protection from cruel and unusual punishment.  Under his leadership with the Virginia State Police, my name and face has been posted on the Virginia State Police "sex offender" registry, in accordance with Code of Virginia 9.1–902.  Included on this post is the label "sex offender."  I've never been convicted of a sex crime.  Rather, I was convicted of an offense involving a minor.  Instead of that being posted, which would be appropriate, a completely unrelated offense and label was posted.  As a result, my character has been defamed, and the implementation of this code is cruel and unusual punishment.  The label "sex offender" causes the public to view me in a predatory light.  This "sex offender" label has caused people who were in my life, to turn their back on me.  Having this label in prison comes with oppression and ridicule.  It has affected my mental health and caused me depression at times.

3)  My claim is that Harold W. Clarke, the Director of the Virginia Department of Corrections in Virginia, has violated by 14th Amendment right to equal protection under the law.

As a result of being registered as a "sex offender," I am being denied video visits from my friends and loved ones because the Department of Corrections put out a memorandum to the population that anyone convicted of a crime against a minor or sex offender, cannot receive "at home" video visits.  They would have to request a video visit.  If it is approved, the visitor will have to drive to a designated location within the state.  This means the visitor would have to spend more money for gas and spend more time for traveling.  This being unnecessary because every video visit, whether "at home" or at the designated location is monitored to ensure

---

[4] This section lists "Offenses requiring registration" and includes "[m]urder" which "means a violation of, attempted violation of, or conspiracy to violate § 18.2–31 or 18.2–32, where the victim is (i) under 15 years of age . . . ."  Va. Code. Ann. 9.1–202 (West 2024).

[5] Although Paxton repeatedly claims that he is required to register as a sex offender, this registry is truly the "Sex Offender and Crimes against Minors Registry."  Va. Code. Ann. 9.1–900 (West 2024).  The registry simply labels Paxton as an "Offender" and indicates that his conviction requiring registration was "MURDER (VICTIM IS A MINOR)."  *See* https://www.vspor.com; follow button "Click Here to Search for Offenders in your Area;" then type "Jamar Paxton" and follow "Search" button (last visited Feb. 5, 2024).

no inappropriate behavior takes place. The aim in making sex offenders and those whom have been convicted of an offense involving a minor have to go through so much to receive a video visit, is to discourage loved ones from wanting to go through so many obstacles for a 20 minute video visit. This is deliberate indifference! Offenders are allowed to receive video visits from friends and family that live outside of the state of Virginia, all, but registered sex offenders and those who have been convicted of an offense involving a minor. Virginia doesn't have designated locations set up in every state for visitors to go to, in order to have a video visit. So, if my family member or friend wanted to have a video visit with me, they would have to drive from any other state to Virginia's designated location because there is no other way for someone that lives in another state to have a video visit with me. This is a violation of my 14th Amendment right to equal protection under the law.

   The restrictions that the Department of Corrections have placed on the video visit program was meant to hinder those with sexual impulse control problems. I'm not in that category. I was convicted of murder, and those who were convicted of the same offense are being allowed to receive "at home" video visits. A clear violation of my constitutional right[s].

   Being denied video visits has caused me years of mental anguish because the video visit program began back in 2019. Since then, I have been deprived of the opportunities to draw closer to me immediate family, as well as many friends. This has put a strain on my rehabilitative process, my support system, and my mental health.

(ECF No. 1, at 4–8.) Paxton also complains about general restrictions placed on him after his release because he is required to register as a sex offender including being restricted from being around children, being restricted from certain jobs, being ineligible for good time sentence reductions, and parole consideration, and having "numerous potential spouses walk out of my life" because of the sex offender label. (*Id.* at 8.)

   The Court construes Paxton to raise the following claims for relief:

Claim One:     Defendants Youngkin and Settle violated Paxton's Eighth Amendment rights by requiring him to register as a sex offender.

Claim Two:     Defendant Clarke violated Paxton's Fourteenth Amendment right to equal protection because as an individual convicted of murdering a minor, he is unable to have home video visits.

Claim Three:   Defendants have caused Paxton's "character to be defamed" by requiring him to register as a sex offender when he committed no sexual offense.

(*Id.* at 8.)  Paxton seeks monetary damages, "allowing him video visits and remove the label 'sex offender' from my name."  (*Id.* at 10.)

### III.    ANALYSIS

#### A.    Eighth Amendment Claim

In Claim One, Paxton contends that Defendants Youngkin and Settle violated his Eighth Amendment right to not be subjected to cruel and unusual punishment by requiring Paxton to register as a sex offender.   However, the Eighth Amendment prohibits "cruel and unusual *punishment*."  U.S. Const. Amend. VIII (emphasis added).  The United States Court of Appeals for the Fourth Circuit has recently explained that Virginia's Sex Offender and Crimes Against Minors registry "is not punishment," therefore the Eighth Amendment does not apply to claims challenging an individual's placement on the registry.  *Doe v. Settle*, 24 F.4th 932, 953 (4th Cir. 2022).  Accordingly, Claim One will be DISMISSED because it fails to state a claim for relief and is legally frivolous.

#### B.    Equal Protection

In Claim Two, Paxton contends that Defendant Clarke violated his right to equal protection because as an individual convicted of murdering a minor, he is unable to have home video visits. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).   In order to state an equal protection claim, Paxton must allege that:  (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination.  *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted).  Paxton argues that as an individual convicted of murdering a minor and required to register as a "sex offender," he is unable to have home video

visits, when individuals convicted of murdering adults are allowed to have home video visits. However, Paxton fails to identify a comparator inmate who was similarly situated to him who was allowed to have home video visits with family.  To make out the first prong of this inquiry, Paxton must identify a comparator inmate treated differently than him who "are 'in all relevant aspects alike.'"  *Doe*, 24 F.4th at 939 (citation omitted).  Paxton does not identify an individual who was convicted of murdering a child who is treated differently than him.[6]  In sum, Paxton fails to allege facts that indicate that he and a similarly situated inmate were treated differently, therefore his equal protection claim lacks merit.  Accordingly, Claim Two will be DISMISSED for failure to state a claim.

### C.    Defamation

In Claim Three, Paxton contends that Defendants have caused his "character to be defamed" by requiring him to register as a sex offender.  (ECF No. 1, at 8.)  "Defamation, by itself, it a tort actionable under the laws of most States, but not a constitutional deprivation."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

In Virginia, the elements of defamation are "(1) publication of (2) an actionable statement with (3) the requisite intent."  *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005) (citation omitted). To be actionable, the statement must not only be false, but also defamatory, "tend[ing] to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (citation omitted).  Requiring Paxton's placement on the Sex Offender

---

[6] Paxton suggests that an individual convicted of murdering an adult is similarly situated to individuals like himself who were convicted of murdering a child.  However, this is not an appropriate comparator because these two are not similarly situated under Virginia law and are not "in all relevant aspects alike."  *Doe*, 24 F.4th at 939 (citation omitted).  Virginia law requires an individual who murders a minor to register for the Sex Offender and Crimes Against Minors Registry, whereas individuals who murder adults do not have to register.

and Crimes against Minors Registry certainly does not amount to a false statement.  Paxton was involved in the murder of a minor, and the registry reflects precisely that information.  Accordingly, Paxton fails to make out a state law claim of defamation.  Accordingly, Claim Three is DISMISSED for failure to state a claim and as factually and legally frivolous.

## IV.    CONCLUSION

For the foregoing reasons, Paxton's claims will be DISMISSED.  The action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____

Roderick C. Young
United States District Judge

Date:   February 15, 2024
Richmond, Virginia